## CANNADY v. MARTIN.

1. DISCRETION—ANSWER.—It is within discretion of trial Judge to excuse default in serving answer in time by mail and to permit answer.
2. DEFAULT.—IN EQUITY cases plaintiff is not entitled to judgment by default, but must establish his right to relief sought.

Action by Mary F. Cannady against Anna L. Martin. From judgment for defendant, plaintiff appeals.

*Mr. Cannady,* for appellant.

*Mr. F. P. McGowan,* contra.

July 11, 1905.   The opinion of the Court was delivered by

MR. JUSTICE JONES.   The record for appeal in this case was prepared by a layman and is very imperfect. The action was brought by plaintiff, as devisee of Nancy M. Maddox, deceased, to set aside a sale to defendant by the probate judge of Laurens County of the devised land for the payment of the debts of the testatrix, on the ground that such debts had, previous to the sale, been paid by a tender of the amounts due to the creditors, and also to the probate court. The summons was served September 10th, 1904, and on December 9th, 1904, judgment for costs was entered in favor of defendant against the plaintiff, the judgment reciting that the issues in the case had been tried and judgment for the defendant rendered on the 25th day of November, 1904.

This appeal is from the ruling and judgment of the presiding Judge on these grounds: "(1) His Honor erred in not granting judgment to plaintiff upon the plea of not

being answered by the defendant, as set out in the complaint. (2) His Honor erred in granting judgment to the defendant, claiming to have answered by mail and not by personal service, as the law directs answers shall be served. (3) His Honor erred in sustaining the defendant, without affidavit, to have answered."

We find nothing in the case upon which these exceptions can be based. Even if it be true that the defendant, in attempting to serve answer by mail, failed to serve properly and in time, it was within the discretion of the Court to excuse the default and permit answer, Code, sec. 195; and we are bound to assume from the record before us that the issues which were determined against plaintiff were tried either upon answer or demurrer.

Besides, as this was a case in equity, plaintiff was not entitled to judgment by default of answer, but was bound to establish her right to the relief sought, to the satisfaction of the chancellor, Code, sec. 267; and the record shows that this was not done, but, on the contrary, that the issues were determined against the plaintiff.

The judgment of the Circuit Court is affirmed.